IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREA BARNETT, AIS #205748,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO.  2:04cv884-MEF |
| ) | (WO) |
| WARDEN ARNOLD HOLT, *et al* ,   ) | |
| ) | |
| Respondents.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Barnett was convicted in 1999 in the Autauga County Circuit Court of murder and sentenced to serve 50 years in prison.  In state court a direct appeal[1] was unsuccessful as was a post-conviction petition from which he took an untimely appeal and which was dismissed on that basis.[2]

This petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 was filed on September 21, 2004.  A brief filed in support of his petition was signed on September 13, 2004, and the court will treat this date as the filing date because a pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Barnett's motion] was delivered to prison authorities the day [he] signed it..."

---

[1] The record shows that Barnett filed his notice of appeal on July 9, 1999.

[2] The notice of appeal on the denial of his postconviction petition was filed on April 15, 2004.

*Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

The respondents' answer admits that Barnett's petition was timely filed within the limitations period established in 28 U.S.C. § 2244(d). However, the respondents assert that Barnett's claims should be denied because they are procedurally defaulted since none of his claims were presented to the Alabama Supreme Court in a petition for certiorari relating to either his direct appeal or the denial of his post-conviction motion. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135 (11th Cir. 2001) (*Boerckel* rule applies in Alabama).

The record before the court establishes that Barnett has procedurally defaulted his claims by failing to seek discretionary review of them in Alabama's highest court. Consequently, the court entered an order (doc. # 10) affording Barnett an opportunity to show cause for his default or to demonstrate that failure to consider his claims would result in a miscarriage of justice. Barnett has not responded to the court's order.

A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wainwright v. Sykes*, 433 U.S. 72 (1977). Even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup*

2

*v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Barnett has failed to demonstrate either cause or prejudice for his default, and he has not presented any evidence that he is actually innocent of the crime for which he was convicted. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Barnett's petition for habeas relief be denied. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before May 9, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of April, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE